MICHAEL A. TOPP, State Bar No. 148445
*michael.topp@clydeco.us*
JASON J. CHORLEY, State Bar No. 263225
*jason.chorley@clydeco.us*
CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, CA 94111
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Plaintiff
KINSALE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIRWINDS ESTATE WINERY, LLC, and FAIRWINDS ESTATE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KINSALE INSURANCE COMPANY; MALLOY IMRIE & VASCONI INSURANCE SERVICES, LLC; CRC INSURANCE SERVICES; CRC COMMERCIAL SOLUTIONS; and DOES 1 through 10, <br><br> Defendants. | Case No.: 3:21-cv-007678 <br><br> **KINSALE INSURANCE COMPANY'S NOTICE OF REMOVAL** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA AND TO THE CLERK OF THAT COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a) and 1441, defendant

Kinsale Insurance Company ("Kinsale"), hereby removes to this Court the state court action

described below.

1.      On or about September 9, 2021, Fairwinds Estate Winery, LLC and Fairwinds

Estate, LLC (collectively "Fairwinds" or "plaintiffs") filed in the Superior Court of the State of

California, County of Napa, a complaint bearing Case No. 21CV001288.  The complaint names as

defendants Kinsale, Malloy Imrie & Vasconi Insurance Services, LLC, CRC Insurance Services,

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

CRC Commercial Solution and DOES 1 through 10, and purports to allege causes of action for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) declaratory relief, (4) concealment, (5) unfair competition, (6) reformation, and (7) professional negligence.

2.     A copy of the complaint was attached as Exhibit A to the Declaration of Felicia Draper filed in support of Fairwinds Estate Winery, LLC's motion to dismiss in an action already pending before this court captioned *Kinsale Insurance Company v. Fairwinds Estate Winery, LLC*, Case No. 3:21-CV-05968-WHO.  The motion to dismiss and supporting declaration were filed on September 9, 2021, and Kinsale received a copy by electronic delivery through the Court's ECF system.

3.     Kinsale was formally served with the summons and complaint on September 17, 2021.  A true and correct copy of the summons and complaint as served on Kinsale is attached hereto as Exhibit A.

## JURISDICTION

4.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Kinsale pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

## THERE IS DIVERSITY OF CITIZENSHIP

5.     Plaintiff Fairwinds Estate Winery, LLC is, and at the time of the filing of the complaint was, a limited liability company organized under the laws of the State of Nevada. (Complaint at ¶ 9; Declaration of Jason J. Chorley ("Chorley Decl."), Ex. B.)  The member of Fairwinds Estate Winery, LLC is Fairwinds Holdings, LLC, which is also a limited liability company organized under the laws of the State of Nevada. (Chorley Decl., Exs. B, D.)  Kinsale is informed and believes that the managing members of Fairwinds Holdings, LLC are Brandon R. Chaney and Anthony W. Zabit, with an address of 880 Northwood Blvd., Suite 2, Incline Village, Nevada.  (Chorley Decl., Ex. D.)  On information and belief, no member of Fairwinds Estate Winery, LLC is a citizen of California, Arkansas, Virginia, or Alabama.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

6.      Plaintiff Fairwinds Estate, LLC is, and at the time of the filing of the complaint was, a limited liability company organized under the laws of the State of Nevada.  (Complaint at ¶ 10, Chorley Decl., Ex. C.)  The member of Fairwinds Estate, LLC is Fairwinds Holdings, LLC, which is also a limited liability company organized under the laws of the State of Nevada. (Chorley Decl., Exs.C-D.)  Kinsale is informed and believes that the managing members of Fairwinds Holdings, LLC are Brandon R. Chaney and Anthony W. Zabit, citizens of Nevada with an address of 880 Northwood Blvd., Suite 2, Incline Village, Nevada.  (Chorley Decl., Ex. D.)  On information and belief, no member of Fairwinds Estate, LLC is a citizen of California, Arkansas, Virginia, or Alabama.

7.      Defendant Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is an eligible surplus lines insurer that issued an excess commercial property policy to Fairwinds Estate Winery, LLC.  (Complaint, ¶ 11.)

8.      Kinsale is informed and believes that defendant CRC Insurance Services ("CRC Services") is, and at the time of the filing of the complaint was, a corporation duly organized under the laws of the State of Alabama, with its principal place of business in Alabama. (Complaint, ¶ 13.)

9.      Kinsale is informed and believes that defendant CRC Commercial Solutions ("CRC Solutions") is a business form unknown to Kinsale, owned by, affiliated with, or otherwise an agent acting in concert with CRC Services.  (Complaint, ¶ 14.)

10.     Kinsale is informed and believes that defendant Malloy Imrie & Vasconi Insurance Services, LLC ("Malloy") is, and at the time of the filing of the complaint was, a limited liability company organized under the laws of the State of California.  (Complaint, ¶ 12.) Kinsale is informed and believes that the members of Mallow are citizens of California. (Complaint, ¶ 12; Chorley Decl., Ex. E.)  Kinsale is informed and believes that the interests of Malloy are aligned with those of plaintiffs and should be treated as plaintiffs for purposes of diversity.  *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1314 (denial of remand proper after realignment of parties according to their true interests gave rise to diversity jurisdiction.)  Alternatively, Kinsale is informed and believes that plaintiffs included Malloy as a

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

"sham" defendant for the sole purpose of avoiding diversity jurisdiction in response to Kinsale's first-filed action in this Court at case no. Case No. 3:21-CV-05968-WHO.

11.        Plaintiffs only assert one out of seven causes of action against Mallow and other defendants, excluding Kinsale, for professional negligence.  To state a cause of action for professional negligence in California, a party must show "(1) the duty of the professional to use such skill, prudence and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) a causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional negligence." *Giacometti v. Aulla, LLC*, 187 Cal. App. 4th 1133, 1137 (2010) (quoting *Nichols v. Keller*, 15 Cal. App. 4th 1672, 1682 (1993).  Here, plaintiffs' damages element is contingent on a determination of coverage under the policy issued by Kinsale to plaintiffs.  If Kinsale's denial of coverage is determined to be incorrect, plaintiffs will have no damages against Malloy and the other defendants.  However, if Kinsale's denial of coverage is determined to be correct, plaintiffs' may have a claim against Malloy and the other defendants.  Malloy's interests are therefore aligned with plaintiffs in seeking an adverse judgment against Kinsale.

12.        Although the complaint names 10 "Doe" defendants, the citizenship of fictitiously named defendants is disregarded for removal purposes.  28 U.S.C. § 1441(a).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13.        The amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

14.        Plaintiffs' complaint alleges that plaintiffs are the owners and operators of the Fairwinds Estate Winery located at 4550 Silverado Trail North in Calistoga, California, which was destroyed by fire in September 2020.  (Complaint, ¶¶ 1, 5.)

15.        Plaintiffs allege that the losses resulting from the fire exceed $10,370,831.  (Complaint, ¶ 5.)

16.        Plaintiffs allege that they purchased a primary commercial property policy from Beazley Insurance Services with limits of $8,310,000 per occurrence, (Complaint, ¶¶ 3-4, 24-25)

and purchased an excess commercial property insurance policy from Kinsale with limits of $2,060,831 per occurrence in excess of the primary policy (Complaint, ¶ 4, 26-27.)

17.     Plaintiffs allege that Beazley paid its full policy limits for the loss to the winery (Complaint, ¶¶ 6, 32), but that Kinsale denied coverage and did not pay its $2,060,831 limits (Complaint, ¶¶ 7, 34-35).   Plaintiffs seek payment of Kinsale's limits.

18.     Plaintiffs also seek punitive damages (Complaint at Prayer ¶¶ 2-3), which are included in determining whether the amount in controversy exceeds $75,000.  See *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.")

### NOTICE OF REMOVAL IS TIMELY

19.     Under 28 U.S.C. § 1446(b), a defendant has thirty days to file a notice of removal once it learns that an action is removable.  See, e.g., *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).

20.     This removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty days of Kinsale's receipt of the complaint.  Although Kinsale received a copy of the complaint on September 9, 2021, attached as an exhibit to plaintiff's motion to dismiss in the action *Kinsale Insurance Company v. Fairwinds Estate Winery, LLC*, Case No. 3:21-CV-05968-WHO, Kinsale was not formally served with the complaint until September 17, 2021.  See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999) (receipt of complaint by means other than formal service not sufficient).  Therefore, this Notice of Removal must be filed by October 17, 2021.  However, since October 17, 2021 is a Sunday, pursuant to Fed. R. Civ. P. 6(a)(1)(C) the deadline to file a Notice of Removal is October 18, 2021.

21.     Removal is also timely because this Notice of Removal is filed not more than one year after the action was commenced in the state court.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATE COURT PLEADINGS

22.      Kinsale was formally served with a copy of the summons and complaint in the state court proceeding and was served with requests for production of documents, but Kinsale is informed and believes that no further proceedings have taken place in the above-captioned action while it was pending in state court.

23.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Napa.

24.      Pursuant to 28 U.S.C. § 1446(d), Kinsale is providing written notice of this removal by serving plaintiffs' counsel of record with a complete copy thereof.

25.      Kinsale reserves the right to amend or supplement this notice of removal.

WHEREFORE, defendant Kinsale Insurance Company further gives notice that the above-described action, now pending against it in the Superior Court for the State of California, County of Napa, has been removed therefrom to this Court on the ground of diversity of citizenship.

Respectfully submitted.

Dated:  September 30, 2021                CLYDE & CO US LLP


By:   */s/ Jason J. Chorley*
          Michael A. Topp
          Jason J. Chorley
          Attorneys for Plaintiff
          KINSALE INSURANCE COMPANY

KINSALE INSURANCE COMPANY'S NOTICE OF REMOVAL

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
09/17/2021
CT Log Number 540259739

TO:     Kelly Boscana
        Kinsale Capital Group, Inc.
        2035 MAYWILL ST STE 100
        RICHMOND, VA 23230-3215

RE:     **Process Served in Arkansas**

FOR:    Kinsale Insurance Company  (Domestic State: AR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FAIRWINDS ESTATE WINERY, LLC. and FA1RWINDS ESTATE. LLC. vs. KINSALE INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified Case # 21CV001288 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Little Rock, AR |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/17/2021 at 10:21 |
| **JURISDICTION SERVED :** | Arkansas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780126647757 |
| | Image SOP |
| | Email Notification,  Kelly Boscana  regulatorycompliance@kinsaleins.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 124 West Capitol Avenue Suite 1900 Little Rock, AR 72201 |
| | 866-203-1500 DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<div style="float:right; border:1px solid;">

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# ENDORSED

**SEP 09 2021**

Clerk of the Napa Superior Court
By: _____ **L. WALKER**
Deputy

</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KINSALE INSURANCE COMPANY; MALLOY IMRIE & VASCONI INSURANCE SERVICES, LLC; CRC INSURANCE SERVICES; CRC COMMERCIAL SOLUTIONS; and DOES 1 through 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FAIRWINDS ESTATE WINERY, LLC, and FAIRWINDS ESTATE, LLC,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Napa Superior Court
825 Brown Street
Napa, CA 94559

**21CV001288**

## DELAY REDUCTION CASE

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ANTHONY B. LEUIN
FELICIA A. DRAPER
SHARTSIS FRIESE LLP
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
415-421-6500

**ROBERT E. FLESHMAN**

DATE:            Clerk, by **L. WALKER**            , Deputy
*(Fecha)* **SEP 0 9 2021**    *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Kinsale Insurance Company
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SHARTSIS FRIESE LLP
ANTHONY B. LEUIN (Bar #95639)
FELICIA A. DRAPER (Bar #242668)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111-3598
Telephone:     (415) 421-6500
Facsimile:     (415) 421-2922
Email: aleuin@sflaw.com
Email: fdraper@sflaw.com

Attorneys for Plaintiffs

# ENDORSED

**SEP. 09 2021**

Clerk of the Napa Superior Court
By:_____ L. WALKER _____
Deputy

## DELAY REDUCTION CASE

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF NAPA

**21CV001288**

FAIRWINDS ESTATE WINERY, LLC, and
FAIRWINDS ESTATE, LLC,

                    Plaintiffs,

        v.

KINSALE INSURANCE COMPANY;
MALLOY IMRIE & VASCONI INSURANCE
SERVICES, LLC; CRC INSURANCE
SERVICES; CRC COMMERCIAL
SOLUTIONS; and DOES 1 through 10,

                    Defendants.

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

CASE MANAGEMENT CONFERENCE
DATE: 2-16-2022
TIME: 8:30am
PLACE: Courtroom     A
825 Brown Street, Napa CA 84559

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-1598

Case No.                              **COMPLAINT**
Case Number

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Plaintiffs Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC (collectively, "Fairwinds"), for their Complaint for Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Declaratory Relief, Concealment, Unfair Competition, Reformation, and Professional Negligence, allege as follows:

## INTRODUCTION AND SUMMARY

1.      Plaintiffs Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC (collectively, "Fairwinds") have at all times since 2015 owned and operated, respectively, the real property located at 4550 Silverado Trail North in Calistoga, California and the winery operation doing business thereon ("the Winery"). First founded over a half century ago, the Winery conducted business for decades under the name Cuvaison. In April 2015, current ownership acquired the Winery and introduced Fairwinds Estate Winery to the Napa Valley. Fairwinds is known in particular for its elegant Cabernets, well-balanced Chardonnays, as well as other unique varietals such as Malbec and Petit Verdot.

2.      Under current ownership, Fairwinds has successfully combined the challenges of making highest quality wines which appeal to the discriminating oenophile, and maintaining a sustainable and well-run business operation.

3.      Consistent with its sound business operation, Fairwinds has at all times sought to maintain property insurance with limits adequate to protect the enterprise in case of a covered loss, such as loss by fire. By way of example, for the period from May 1, 2020 through May 1, 2021, Fairwinds initially procured a primary commercial property insurance policy providing a coverage limit of $8,310,000 per occurrence.

4.      In July 2020, Fairwinds' lender requested an increase in Fairwinds' coverage limits. When Fairwinds' primary insurer, Beazley Insurance Services ("Beazley") declined to increase the limits of the then-current primary policy (the "Underlying Policy," defined *infra*), Fairwinds through its brokers promptly acquired from Defendant Kinsale Insurance Company ("Kinsale") an excess commercial property insurance policy (the "Excess Policy," defined *infra*) providing additional limits of $2,060,831 coverage per occurrence in excess of the Underlying Policy's $8,310,000 policy limit, thus providing Fairwinds coverage up to $10,370,831 per

- 1 -

occurrence.

5.      Fairwinds was destroyed by the devastating Glass Fire in September 2020. Fairwinds' loss exceeds the $10,370,831 combined limits of the Underlying Policy and the Kinsale Excess Policy.

6.      Fairwinds' primary insurer has paid the limits on Fairwinds' primary insurance policy such that the primary policy is now exhausted and the Kinsale Excess Policy is triggered. Nonetheless, Kinsale has refused and refuses to pay all or any portion of its Excess Policy. Fairwinds paid significant premiums to assure that its insurance limits were adequate. It specifically communicated to its brokers the request to increase its policy limits to $10,370,831. Kinsale offered "blanket" coverage on a "per occurrence" basis in excess of the primary limits; Fairwinds accepted the quoted offer and paid the premium; and Kinsale must honor its promise.

7.      Rather than honor its promises to Plaintiffs in their time of need, Kinsale now seeks only to delay and "dodge" its obligations. In complete derogation of the rule that limits on insurance coverage must be "conspicuous, plain, and clear," Kinsale now asserts that a "Statement of Values" imposed sub-limits on Fairwinds' insured property. Such interpretation is plainly unreasonable and unenforceable, and cannot be advanced in good faith, least of all where concealed from the policyholder at the time of purchase, where it would render the increased coverage illusory, and where inconsistent with the offering of "blanket" coverage with limits of $10,370,831.

8.      Fairwinds is confident that the courts of this state will reject Kinsale's argument that reference to a "Statement of Values" can surreptitiously impose sub-limits on coverage provided to a policyholder. However, if California law were to allow and approve such practice, Fairwinds' brokers would be responsible, as set forth below, for their failure to procure the excess coverage requested by Fairwinds, and for failure to identify Kinsale's purported stealth imposition of sub-limits on various coverages.

//

//

//

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 2 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

## THE PARTIES

9.    Plaintiff Fairwinds Estate Winery, LLC is now, and at all relevant times was, a limited liability company duly organized under the laws of the State of Nevada, with its principal place of business in Calistoga, Napa County, California. Fairwinds Estate Winery is the owner of the real property on which the Winery conducts its business, and is an Insured under the insurance policy which is the subject of this action.

10.    Plaintiff Fairwinds Estate, LLC is now, and at all relevant times was, a limited liability company duly organized under the laws of the State of Nevada, with its principal place of business in Calistoga, Napa County, California. Fairwinds Estate, LLC has at all times since April 2015 owned and operated the Winery. Fairwinds Estate Winery and Fairwinds Estate are affiliated in that they share a common managing member, Fairwinds Holdings, LLC. Fairwinds Holdings, LLC is a limited liability company organized under the laws of the State of Nevada, comprised of numerous members resident in the State of California.

11.    Fairwinds is informed and believes, and on that basis alleges, that defendant Kinsale is now, and at all relevant times was, a corporation duly organized under the laws of the State of Arkansas, with principal place of business in the State of Virginia. At all times relevant hereto, Kinsale was an eligible "surplus lines" insurance company authorized to conduct business and conducting business in the State of California. Kinsale issued to Fairwinds the excess commercial property policy that is the subject of this dispute.

12.    Fairwinds is informed and believes, and on that basis alleges, that defendant Malloy Imrie & Vasconi Insurance Services, LLC (the "Broker") is now, and at all relevant times was, a limited liability company duly organized under the laws of the State of California, with principal place of business in Napa, California. Fairwinds is informed and believes, and on that basis alleges, that Broker is comprised of numerous members who reside in Napa County, California.

13.    Fairwinds is informed and believes, and on that basis alleges, that defendant CRC Insurance Services ("CRC Services") is now, and at all relevant times was, a corporation duly organized under the laws of the State of Alabama, with its principal place of business in the State

- 3 -

1    of Alabama.

2         14.    Fairwinds is informed and believes, and on that basis alleges, that defendant CRC

3    Commercial Solutions ("CRC Solutions") is a business, of form unknown to Plaintiffs, owned by,

4    affiliated with, or otherwise an agent of acting in concert with CRC Services. CRC Services and

5    CRC Solutions are sometimes hereafter referred to collectively as "the Producer."

6         15.    Fairwinds does not know the true names and capacities of fictitiously named

7    defendants sued herein as Does 1 through 10 (the "Doe Defendants"), and on that basis sues them

8    by their fictitious names. When Fairwinds ascertains the true names and capacities of the Doe

9    Defendants, Fairwinds will amend this Complaint accordingly.

10        16.    Fairwinds is informed and believes, and upon that basis alleges, that the Doe

11   Defendants, and each of them, took some part in the acts and conduct complained of herein,

12   and/or breached obligations to Fairwinds described herein, and as a direct and proximate result of

13   said acts, omissions, and breaches, incurred liability to Fairwinds for the relief sued for herein.

14        17.    Fairwinds is informed and believes, and upon that basis alleges, that each of the

15   Defendants, in performing the acts complained of, was acting as the agent for one or more of the

16   other Defendants, as well as himself, herself, or itself, and acted within the scope of that agency.

17                              **JURISDICTION AND VENUE**

18        18.    This Court has subject matter jurisdiction over this action and personal jurisdiction

19   over the Defendants, and each of them.

20        19.    Venue is proper in this Court in that the Broker maintains its principal place of

21   business in Napa County, California; the insurance policy which is the subject of this action was

22   negotiated, made, and to be performed in Napa County, California; and the tortious acts and

23   omissions complained of herein occurred, in whole or in part, in Napa County, California.

24        20.    Fairwinds purchased the subject insurance policy, the Excess Policy, in California

25   through the Broker in Napa County, California. The Excess Policy insured Fairwinds, a Napa

26   County-based business, against the risk of loss of Fairwinds' property at its location in Napa

27   County. The relevant policy was to be performed in California, and is subject to and governed by

28   the laws of the State of California.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 4 -

1

**GENERAL ALLEGATIONS**

2      21.    Fairwinds owns, and until it suffered consequences of a devastating wildfire in

3    September 2020 operated, the Winery.

4      22.    The Winery is comprised of, among other things: an approximately 17,255 square

5    foot, Mediterranean-style masonry building that contains a tank and barrel storage room, bottling

6    line, offices, and other facilities (the "Main Building"); an approximately 4,125 square foot, metal

7    building that contains fermentation and storage tanks (the "Tank Building"); an approximately

8    22,000 square foot underground cave system for barrel storage and hospitality activities (the

9    "Cave"); and an approximately 1,300 square foot tasting room (the "Tasting Room").

10     23.    On or about September 27, 2020, the wildfire later dubbed the Glass Fire ignited in

11   the vicinity of Napa and Sonoma Counties, California. Within days, the Glass Fire had consumed

12   a large portion of the Winery, causing significant damage. Among other things, the Main

13   Building and Tasting Room were total losses and the Cave, Tank Building, landscaping,

14   roadways, walkways, irrigation equipment, and other items suffered significant additional

15   damages.

16     24.    Fairwinds was insured for the above losses by two separate insurance policies.

17   First, Fairwinds was insured by a primary commercial property insurance policy (the "Underlying

18   Policy") issued by Beazley Insurance Services ("Beazley"). The Underlying Policy, Policy No.

19   W26FBF200201, effective May 1, 2020 through May 1, 2021, was issued to named insureds

20   Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC. Fairwinds obtained the Underlying

21   Policy through the services of the Broker.

22     25.    The Underlying Policy offered coverage for buildings, personal property, and

23   equipment at certain locations, up to a coverage limit of $8,310,000 per occurrence.

24     26.    The second of Fairwinds' policies was an excess property insurance policy issued

25   by Defendant Kinsale (the "Excess Policy"). The Excess Policy, Policy No. 0100122758-0,

26   effective August 1, 2020 through May 1, 2021, was also issued to named insureds Fairwinds

27   Estate Winery, LLC and Fairwinds Estate, LLC.

28   //

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 5 -

27.     The Excess Policy is specifically in excess to the Underlying Policy and provides additional coverage in excess of $8,310,000 up to an additional $2,060,831 per occurrence.

28.     In July 2020, in connection with a lender's requirement for financing, Fairwinds contacted the Broker seeking quotes for additional insurance to increase the blanket coverage limits on its property.

29.     The Broker contacted Beazley to request an increase on the then-current coverage provided under the Underlying Policy. Beazley declined the Broker's request.

30.     The Broker then obtained an excess property insurance quote from Kinsale, for $2,060,831 coverage in excess of the Underlying Policy's $8,310,000 policy limit. The quote, presented to the Producer, and provided to Fairwinds by the Broker, stated the proposed policy's "Limits" of "$2,060,831 x/s $8,310,000 Per Occurrence," and stated the "Total Insured Values" of "$10,370,831." The quote contained no mention that the coverage would be limited by any individually stated value for the Winery.

31.     Fairwinds promptly reported a claim to Beazley on the Underlying Policy for damages to covered property caused by the Glass Fire.

32.     Beazley ultimately paid Fairwinds the Underlying Policy's policy limit of $8,310,000.

33.     In or about September 2020, Fairwinds, through the Broker, submitted a claim to Kinsale on the Excess Policy for damages to covered property caused by the Glass Fire.

34.     In or about July 2021, after months of delay and refusal to commit, Kinsale denied coverage under the Excess Policy. Kinsale argued that the Excess Policy was subject to limitations for individual categories of property identified in a "Statement of Values." Kinsale argued that the Statement of Values limits the value of the Main Building and Tasting Room to $4,505,893; that Beazley already paid an amount above that total value under the Underlying Policy; and that the Excess Policy is not implicated and there is no coverage.

//

//

//

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 6 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

35.     Fairwinds vigorously disputes that contention, as it renders coverage under the Excess Policy illusory. Under Kinsale's interpretation, Fairwinds could never suffer loss sufficient to trigger coverage under the Excess Policy. For example, the Statement of Values lists the total value of the Main Building, Tank Building, and Tasting Room as $3,232,831;[1] the total value of Business Personal Property ("BPP") as $2,810,000; and the total value of Outside Equipment as $500,000—for a grand total of $6,542,831. Thus, even if Fairwinds lost every single piece of this property in a wildfire, because the Underlying Policy's coverage limit is greater than that amount (at $8,310,000), coverage under the Excess Policy would not be triggered.

36.     As a result of Kinsale's frivolous contention that it offered "blanket" limits but surreptitiously imposed lower, sub-limits which rendered illusory the excess coverage on Fairwind' important assets, Fairwinds is forced to pursue its remedies at law and in equity.

37.     At all times relevant hereto, Fairwinds performed all of its obligations under and satisfied all conditions set forth in the Underlying Policy and the Excess Policy.

**FIRST CAUSE OF ACTION**
**(Against Kinsale for Breach of Contract)**

38.     Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein.

39.     Fairwinds and Kinsale entered into a contract in the form of the Excess Policy.

40.     Fairwinds has performed the material obligations of the Underlying Policy and the Excess Policy on its part to be performed, including payment to Kinsale of substantial insurance premiums.

41.     All conditions required by the Excess Policy for Kinsale's performance have been satisfied.

42.     Kinsale has breached, and continues to breach, the Excess Policy it issued by, *inter alia* and without limitation, depriving, or attempting to deprive, Fairwinds of its right to coverage

---
[1] Inclusive of the Caves, individually valued at $3,828,000, the total value is listed as $7,060,831. However, the Caves are an underground structure that could not be destroyed in a wildfire.

Case No.                          COMPLAINT
CaseNumber

1     pursuant to California law.

2        43.     As a direct and proximate result of the breach by Kinsale, Fairwinds has been

3 damaged in the amount of no less than $2,060,831, exclusive of additional damages, prejudgment

4 interest, and attorneys' fees Fairwinds has been forced to incur. Fairwinds will amend this

5 pleading when its damages are ascertained, or according to proof.

6        Wherefore Fairwinds prays for judgment as set forth below.

7                            **SECOND CAUSE OF ACTION**

8 **(Against Kinsale for Breach of the Implied Covenant of Good Faith and Fair Dealing)**

9        44.     Paragraphs 1 through 43 are incorporated by reference as though fully set forth

10 herein.

11        45.     Implied by law in the Excess Policy is a covenant of good faith and fair dealing,

12 which requires that Kinsale exercise its rights responsibly and in a manner so as to avoid injury to

13 Fairwinds. This covenant requires that Kinsale refrain from conscious, deliberate, and/or reckless

14 acts which frustrate the purpose of the Excess Policy it issued, or which deny Fairwinds the

15 benefits of the Excess Policy.

16        46.     Kinsale has breached the implied covenant of good faith and fair dealing in that

17 the actions and contentions set forth above were and are designed to place Kinsale's interests

18 ahead of Fairwinds' interests, to deny Fairwinds the benefit of the insurance purchased by

19 Fairwinds, and to deny Fairwinds its reasonable expectations in procuring the Excess Policy.

20        47.     As a result of Kinsale's breaches of the implied covenant of good faith and fair

21 dealing, Fairwinds has suffered damage as set forth herein, has been forced to retain counsel, and

22 has incurred and continues to incur attorneys' fees in order to obtain the benefits provided by the

23 Excess Policy.

24        48.     Fairwinds is informed and believes, and on that basis alleges, that in breaching the

25 implied covenant of good faith and fair dealing, Kinsale acted with malice, fraud, and oppression

26 and conscious disregard of Fairwinds' rights, thereby entitling Fairwinds to an award of

27 exemplary damages permitted by applicable statutory, decisional, and constitutional law.

28        Wherefore Fairwinds prays for judgment as set forth below.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Case No.
CaseNumber                   COMPLAINT

1

2

## THIRD CAUSE OF ACTION
### (Against Kinsale for Declaratory Relief)

3      49.     Paragraphs 1 through 48 are incorporated by reference as though fully set forth

4   herein.

5      50.     Kinsale is obligated to reimburse Fairwinds for its damages incurred in connection

6   with the Glass Fire.

7      51.     An actual and present controversy exists between Fairwinds, on the one hand, and

8   Kinsale, on the other hand, as to (a) Fairwinds' rights under the Excess Policy and (b) Kinsale's

9   refusal to acknowledge its obligation to pay Fairwinds the full policy limit of $2,060,831 under

10  the Excess Policy.

11      52.     Fairwinds disputes Kinsale's positions and specifically disputes that Kinsale may

12  in good faith advance the denial of coverage position it has advanced.

13      53.     A judicial declaration of the rights and duties of the parties is necessary to resolve

14  the disputes set forth herein.

15      Wherefore Fairwinds prays for judgment as set forth below.

16  ## FOURTH CAUSE OF ACTION
17  ### (Against Kinsale for Concealment)

18      54.     Paragraphs 1 through 53 are incorporated by reference as though fully set forth

19  herein.

20      55.     Kinsale did not disclose to Fairwinds its contention that the Excess Policy did not

21  provide full blanket coverage in the additional stated amount of $2,060,831—or any additional

22  coverage at all—for Fairwinds' insured property.

23      56.     Kinsale had an obligation to disclose its contention that the Excess Policy did not

24  provide full blanket coverage for Fairwinds' insured property in the additional stated amount of

25  $2,060,831 or bring Fairwinds' total limits to $10,370,831.

26      57.     Fairwinds is informed and believes, and on that basis alleges, that Kinsale

27  deliberately failed to disclose its contention that the Excess Policy did not provide full blanket

28  coverage for Fairwinds' insured property in the additional stated amount of $2,060,831 in order to

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

-9-

1    induce Fairwinds to purchase the insurance policy Kinsale offered, while secretly retaining the

2    right to deny full coverage.

3         58.    Fairwinds purchased the Excess Policy as a result of its lender's requirement that

4    an additional approximately $2 million in additional coverage be procured for Fairwinds'

5    property, and in reasonable reliance on the representation that the Excess Policy would provide

6    full blanket coverage for Fairwinds' insured property in the amount of $2,060,831 and bring

7    Fairwinds' total limits to $10,370,831.

8         59.    As a direct and proximate result of Kinsale's concealment as set forth above,

9    Fairwinds has been damaged in the amount of no less than $2,060,831. Fairwinds will amend this

10   pleading when its damages are ascertained, or according to proof.

11        60.    Fairwinds is informed and believes, and on that basis alleges, that in concealing its

12   contentions regarding coverage, Kinsale acted with malice, fraud, and oppression and conscious

13   disregard of Fairwinds' rights, thereby entitling Fairwinds to an award of exemplary damages as

14   permitted by applicable statutory, decisional, and constitutional law.

15        Wherefore Fairwinds prays for judgment as set forth below.

16                         **FIFTH CAUSE OF ACTION**

17              (Against Kinsale for Unfair Competition)

18        61.    Paragraphs 1 through 60 are incorporated by reference as though fully set forth

19   herein.

20        62.    California Business and Professions Code § 17200 *et seq.* prohibits unfair

21   competition, which includes "any unlawful, unfair or fraudulent business act or practice and

22   unfair, deceptive, untrue or misleading advertising…."

23        63.    Defendants have engaged in unfair competition in violation of § 17200 *et seq.* in

24   that they falsely led Fairwinds to believe that under the Excess Policy, Kinsale would provide full

25   "blanket" coverage for Fairwinds' insured property in the amount of $2,060,831, thereby bringing

26   Fairwinds' coverage limits to $10,370,831.

27        64.    Kinsale has engaged in unfair competition in violation of § 17200 *et seq.* by

28   violating Insurance Code § 332, in that it failed to communicate with Fairwinds in good faith its

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 10 -

position that the Excess Policy did not provide "blanket" limits but rather imposed lower sub-limits on the most important assets insured.

65.   As a direct and proximate cause of Defendants' actions, Fairwinds has suffered injury in fact and has lost money. Fairwinds has been compelled to expend time, money, and resources pursing Kinsale for coverage under the Excess Policy.

66.   Fairwinds is entitled to injunctive relief pursuant to California Business and Professions Code § 17203 to prevent Kinsale's further unfair competition acts against Fairwinds, or against other third parties.

Wherefore Fairwinds prays for judgment as set forth below.

### SIXTH CAUSE OF ACTION
### (Against Kinsale for Reformation)

67.   Paragraphs 1 through 66 are incorporated by reference as though fully set forth herein.

68.   Fairwinds believed and believes that the Excess Policy provides full blanket coverage in the full stated amount of $2,060,831, as set forth above, and that Kinsale breached the contract and acted in bad faith in contending otherwise. Nonetheless, if and to the extent Kinsale proffers a contrary interpretation or seeks an interpretation that the Excess Policy did not provide the Winery full blanket coverage in the stated amount of $2,060,831, the Excess Policy fails to reflect the true intent and bargain relied upon by Fairwinds. Thus, if and to the extent the Excess Policy could ever be construed not to provide the Winery full blanket coverage in the full stated amount of $2,060,831 but, on the contrary, is illusory, the Excess Policy should be reformed to clarify that it does provide such coverage.

69.   The above-described failure of the Excess Policy to reflect the true intent and bargain relied upon by Fairwinds resulted from Defendants' false representation to Fairwinds that the Excess Policy did embody the true intent and bargain relied upon by Fairwinds in purchasing the Excess Policy.

70.   If Kinsale's interpretation of the Excess Policy were correct, Fairwinds in reliance on Kinsale's false representations was deceived and misled into entering into a contract that

- 11 -

Case No.                     COMPLAINT
CaseNumber

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

differed materially from the true intent and bargain relied upon by Fairwinds in purchasing the Excess Policy.

Wherefore Fairwinds prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION
### (Against the Broker and the Producer for Professional Negligence)

71.     Paragraphs 1 through 70 are incorporated by reference as though fully set forth herein.

72.     Fairwinds is informed and believes, and on that basis alleges, that the Broker and the Producer were well aware of the request from Fairwinds' lender for additional insurance as set forth hereinabove. Fairwinds specifically requested that Broker obtain additional insurance per the lender's specific direction. Fairwinds is informed and believes, and on that basis alleges, that Broker engaged Producer to obtain additional coverage consistent with said request.  As a result of the specific requests initiated by Fairwinds, Broker and Producer were charged with the obligation to procure for Fairwinds additional insurance coverage for the Winery sufficient to bring total limits to $10,370,831. In its capacity as Fairwinds' broker, the Broker procured for Fairwinds the Underlying Policy and the Excess Policy, and the Broker has generated significant commission income in so doing.

73.     In procuring the Excess Policy, the Broker failed to advise Fairwinds that the Excess Policy might not, or would not, provide full blanket coverage for Fairwinds' insured property in the additional stated amount of $2,060,831 or otherwise bring the Winery's total limits to $10,370,831. As set forth above, Fairwinds believed and believes that the Excess Policy provides full blanket coverage in the full stated amount of $2,060,831, and that Kinsale has acted in bad faith in denying the existence of such coverage. Nonetheless, to the extent (if any) that the Excess Policy does not provide the Winery full blanket coverage in the full stated amount of $2,060,831, the Broker and the Producer acted negligently in facility to procure such coverage, and in failing to advise Fairwinds of the potential lack of such coverage.

74.     As a result of the Broker's and the Producers' negligence, Fairwinds is being damaged in that it is incurring attorneys' fees to affirm the scope of coverage on the Excess

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 12 -

1  Policy, and stands to be damaged if the coverage it purchased is not affirmed to provide full
2  blanket coverage in the additional stated amount of $2,060,831 to bring total limits to
3  $10,370,831. Fairwinds will amend this pleading when its damages are ascertained, or according
4  to proof.

### PRAYER FOR RELIEF

6   WHEREFORE, Fairwinds prays for judgment as follows:

7   1.   For general and special damages according to proof, including without limitation
8  attorneys' fees;

9   2.   For exemplary damages according to proof;

10   3.   For punitive damages;

11   4.   For a declaration of rights and obligations under the Excess Policy;

12   5.   For preliminary and permanent injunctive relief prohibiting Kinsale from denying
13  Fairwinds full blanket coverage in the full stated amount of $2,060,831 under the Policy, and
14  from denying other similarly-situated parties the full blanket coverage amounts of their policies;

15   6.   For reformation of the Excess Policy to reflect Fairwinds' understanding that the
16  Excess Policy provides full blanket coverage in the full stated amount of $2,060,831.

17   7.   For costs of suit;

18   8.   For interest as allowed by law; and

19   9.   For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

21   Fairwinds hereby demands trial by jury on all issues so triable.

23  Dated:  September 9, 2021          SHARTSIS FRIESE LLP

25                                       */s/ Anthony B. Leuin*
                                By:     ANTHONY B. LEUIN

26                                       Attorneys for Plaintiffs

9036430

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 13 -
COMPLAINT

Case No.
CaseNumber

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ANTHONY B. LEUIN (Bar #95639) FELICIA A. DRAPER (Bar #242668)<br>SHARTSIS FRIESE LLP<br>One Maritime Plaza, Eighteenth Floor, San Francisco, CA  94111-3598<br>TELEPHONE NO. 415-421-6500      FAX NO. *(Optional)* 415-421-2922<br>E-MAIL ADDRESS  aleuin@sflaw.com; fdraper@sflaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC | **ENDORSED**<br><br>SEP. 09 2021<br><br>Clerk of the Napa Superior Court<br>By:      L. WALKER<br>Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA |
|---|
| STREET ADDRESS 825 Brown Street |
| MAILING ADDRESS |
| CITY AND ZIP CODE Napa, CA 94559 |
| BRANCH NAME |

| CASE NAME:<br>Fairwinds Estate Winery, LLC, et al. v. Kinsale Insurance Company, et al. | |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | C | 21CV001288 |
|---|---|---|---|
| ☒ Unlimited     ☐ Limited<br>(Amount              (Amount<br>demanded          demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter     ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: <br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☒ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☐ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify)*: Seven
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 9, 2021

Anthony B. Leuin                                        ▶ /s/ Anthony B. Leuin
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkFlow.com |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or
        wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment
      *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only
      *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkFlow.com

Cancel    Print



CALIFORNIA COURTS
THE JUDICIAL BRANCH OF CALIFORNIA

# Alternative Dispute Resolution (ADR)

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial.  Learn more about the types of ADR processes that are available and the political benefits of using ADR by clicking on the links below.

-

# ADR Types & Benefits

### Types of ADR
Mediation, arbitration, settlement conferences, neutral evaluation, learn more about the most common types of ADR for civil cases, and watch videos demonstrating these processes.

### Benefits of ADR
Using ADR may have a variety of benefits, depending on the type of ADR and the circumstances of the particular case. learn more about the benefits of ADR

# Reports & Resources

### For Civil Cases

- Alternative Dispute Resolution (ADR) in Civil Cases🗐 (August 1999)
- Evaluation of the Early Mediation Pilot Programs🗐 (February 2004)

### For Family & Juvenile Cases

- Report 1: Overview: Families, Cases, and Client Feedback🗐
- Report 2: Client Evaluations of Mediation Services: Perspectives of Mothers and Fathers🗐 (1994)
- Report 3: Client Evaluations of Mediation Services: The Impact of Case Characteristics and Mediation Service Models🗐 (January 1994)

Video



Mediation is a form of alternative dispute resolution (ADR) and is a way of resolving disputes between two or more parties. READ MORE »