MICHAEL A. TOPP, State Bar No. 148445
*michael.topp@clydeco.us*
JASON J. CHORLEY, State Bar No. 263225
*jason.chorley@clydeco.us*
CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, CA 94111
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Defendant
KINSALE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIRWINDS ESTATE WINERY, LLC, and FAIRWINDS ESTATE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> KINSALE INSURANCE COMPANY; MALLOY IMRIE & VASCONI INSURANCE SERVICES, LLC; CRC INSURANCE SERVICES; CRC COMMERCIAL SOLUTIONS; and DOES 1 through 10, <br><br> Defendants. | Case No.: 3:21-cv-07678-JCS <br><br> **KINSALE INSURANCE COMPANY'S ANSWER TO COMPLAINT** |

Defendant Kinsale Insurance Company ("Kinsale") hereby answers and otherwise responds to the complaint filed by plaintiffs Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC ("Fairwinds") in this removed action.  By this response, Kinsale does not waive, and expressly reserves, any and all rights it has to file dispositive motions addressed to some or all of the claims or allegations set forth in the complaint.  References to the headings used in the complaint are for ease of reference only and do not constitute admissions; to the extent that any heading in the complaint asserts any allegation as to which a response is required, Kinsale denies such allegation.  Except as expressly admitted, Kinsale denies each and every allegation in the complaint.

**INTRODUCTION AND SUMMARY**

1. In response to paragraph 1, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies the allegations of paragraph 1.

2. In response to paragraph 2, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies the allegations of paragraph 2.

3. In response to paragraph 3, Kinsale admits that Beazley issued a commercial property policy no. W26FBF200201 to named insureds Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC, effective May 1, 2020 to May 1, 2021, subject to all of its terms, conditions, definitions, limitations, exclusions, and endorsements. Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated therein, and therefore denies the remaining allegations of paragraph 3.

4. In response to paragraph 4, Kinsale admits that it issued an excess property policy No. 0100122758-0 to named insureds Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC, effective August 1, 2020 to May 1, 2021 for the property scheduled on the Statement of Values, and providing coverage, subject to all of its terms, conditions, definitions, limitations, exclusions, and endorsements, up to a limit of $2,060,831 per occurrence. Kinsale further admits that the Kinsale excess policy is specifically excess of the Beazley policy. Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated therein, and therefore denies the remaining allegations of paragraph 4.

5. In response to paragraph 5, Kinsale admits that a portion of the winery was destroyed by a wildfire in September 2020. However, Kinsale denies that the amount of the loss exceeded the limits of the Beazley policy or the Kinsale policy.

6. In response to paragraph 6, subject to all of the excess policy's terms, conditions, definitions, limitations, exclusions, and endorsements, Kinsale denies that the excess policy is triggered, and therefore it has no obligation to pay any portion of the excess policy's limits. Kinsale further states that the excess policy speaks for itself and Kinsale expressly denies any

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

1 allegations in Paragraph 6 that purport to change the terms of the excess policy. Kinsale lacks
2 knowledge or information sufficient to form a belief as to the truth of the remaining allegations
3 stated therein, and therefore denies the remaining allegations of paragraph 6.

4     7.      In response to paragraph 7, Kinsale states that, the Policy speaks for itself and
5 Kinsale expressly denies any allegations in Paragraph 6 that purport to change the terms of the
6 Policy. Kinsale denies the remaining allegations of paragraph 7.

7     8.      In response to paragraph 8, Kinsale denies that its coverage position will be
8 rejected. Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the
9 remaining allegations stated therein, and therefore denies the remaining allegations of paragraph
10 8.

11 **THE PARTIES**

12     9.      In response to paragraph 9, Kinsale lacks knowledge or information sufficient to
13 form a belief as to the truth of the allegations stated therein, and therefore denies the allegations
14 of paragraph 9.

15     10.      In response to paragraph 10, Kinsale lacks knowledge or information sufficient to
16 form a belief as to the truth of the allegations stated therein, and therefore denies the allegations
17 of paragraph 10.

18     11.      In response to paragraph 11, Kinsale denies that it is "authorized to conduct
19 business . . . in the state of California." Rather, Kinsale admits that it is an eligible non-admitted
20 carrier in California. The rest of the allegations in paragraph 11 are admitted.

21     12.      In response to paragraph 12, Kinsale lacks knowledge or information sufficient to
22 form a belief as to the truth of the allegations stated therein, and therefore denies the allegations
23 of paragraph 12.

24     13.      In response to paragraph 13, Kinsale lacks knowledge or information sufficient to
25 form a belief as to the truth of the allegations stated therein, and therefore denies the allegations
26 of paragraph 13.

27
28

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

14. In response to paragraph 14, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies the allegations of paragraph 14.

15. In response to paragraph 15, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies the allegations of paragraph 15.

16. In response to paragraph 16, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies the allegations of paragraph 16.

17. In response to paragraph 17, Kinsale denies that any of the other defendants was acting as its agent or that it was acting as the agent of any other defendant. Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated therein, and therefore denies the remaining allegations of paragraph 17.

## **JURISDICTION AND VENUE**

18. Kinsale removed this action from the Superior Court of California, County of Napa to this District. Kinsale therefore denies the allegations of jurisdiction and venue as they pertain to the state court.

19. Kinsale removed this action from the Superior Court of California, County of Napa to this District. Kinsale therefore denies the allegations of jurisdiction and venue as they pertain to the state court.

20. In response to paragraph 20, Kinsale admits that the excess policy was issued to Fairwinds for the property scheduled on the Statement of Values, subject to all of the excess policy's terms, conditions, definitions, limitations, exclusions, and endorsements. Kinsale further states that the excess policy speaks for itself and Kinsale expressly denies any allegations in Paragraph 20 that purport to change the terms of the excess policy. Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated therein, and therefore denies the remaining allegations of paragraph 20.

## GENERAL ALLEGATIONS

21. In response to paragraph 21, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated therein regarding which Fairwinds entity owned or operated the winery, and therefore denies the allegations of paragraph 21.

22. In response to paragraph 22, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies the allegations of paragraph 22.

23. In response to paragraph 23, Kinsale admits that the main winery building and tasting room sustained total losses as a result of the wildfire in September 2020, that the tank building and cave sustained limited damage, and that some damage also occurred to the landscaping, roadways, Tesla chargers, underground utilities, irrigation and sprinkler system, pump house, irrigation control house, fencing, and signage.

24. In response to paragraph 24, Kinsale admits that Beazley issued a commercial property policy no. W26FBF200201 to named insureds Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC, effective May 1, 2020 to May 1, 2021, subject to all of its terms, conditions, definitions, limitations, exclusions, and endorsements. Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated therein, and therefore denies the remaining allegations of paragraph 24.

25. In response to paragraph 25, Kinsale admits that the Beazley commercial property affords certain property coverage, subject to all of its terms, conditions, definitions, limitations, exclusions, and endorsements, up to a limit of $8,310,000 per occurrence for the property scheduled on the Statement of Values.

26. In response to paragraph 26, Kinsale admits that it issued an excess property policy No. 0100122758-0 to named insureds Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC, effective August 1, 2020 to May 1, 2021, subject to all of its terms, conditions, definitions, limitations, exclusions, and endorsements, for the property scheduled on the Statement of Values.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

27. In response to paragraph 27, Kinsale admits that, subject to all of its terms, conditions, definitions, limitations, exclusions, and endorsements, its excess property policy is specifically excess to the Beazley commercial property policy, and provides coverage subject to all of its terms, conditions, definitions, limitations, exclusions, and endorsements, up to a limit of $2,060,831 per occurrence. Kinsale further states that the excess policy speaks for itself and Kinsale expressly denies any allegations in Paragraph 6 that purport to change the terms of the excess policy.

28. In response to paragraph 28, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies the allegations of paragraph 28.

29. In response to paragraph 29, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies the allegations of paragraph 29.

30. In response to paragraph 30, Kinsale admits that it issued an excess commercial property quote for the policy later issued to Fairwinds. The quote speaks for itself and Kinsale denies any allegations that purport to change the terms of the quote. Except as specifically admitted, Kinsale denies the remaining allegations in paragraph 30.

31. The allegations in paragraph 31 are not directed at Kinsale and therefore no response is required. To the extent a response to is required, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies the allegations of paragraph 31.

32. The allegations in paragraph 31 are not directed at Kinsale and therefore no response is required. To the extent a response to is required, Kinsale admits that Beazley paid $8,310,000. Except as specifically admitted, Kinsale denies the remaining allegations in this paragraph.

33. In response to paragraph 33, Kinsale admits that it received a claim for damage to the winery caused by the wildfire. Except as specifically admitted, Kinsale denies the remaining allegations in this paragraph.

34. In response to paragraph 34, Kinsale admits that it disclaimed coverage but avers that the communications between the parties regarding coverage for the claim submitted by Fairwinds speak for themselves and need not be admitted or denied. Kinsale denies the remaining allegations of paragraph 34.

35. In response to paragraph 35, subject to all of the excess policy's terms, conditions, definitions, limitations, exclusions, and endorsements, Kinsale denies that the excess policy is illusory or that it could not ever be triggered and states that the excess policy speaks for itself and Kinsale expressly denies any allegations in Paragraph 35 that purport to change the terms of the excess policy. Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated therein, and therefore denies the remaining allegations of paragraph 35.

36. Kinsale denies the allegations of paragraph 36.

37. Kinsale denies the allegations of paragraph 37.

## FIRST CAUSE OF ACTION

### (Against Kinsale for Breach of Contract)

38. In response to paragraph 38, Kinsale realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

39. In response to paragraph 39, Kinsale admits that it issued policy number 0100122758-0 to Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC, the terms of which speak for themselves. Kinsale expressly denies any allegations that purport to change the terms of the excess policy. .

40. Kinsale denies the allegations of paragraph 40.

41. Kinsale denies the allegations of paragraph 41.

42. Kinsale denies the allegations of paragraph 42.

43. Kinsale denies the allegations of paragraph 43.

To the extent a response is required to the unnumbered "Wherefore" sentence, Kinsale denies that Fairwinds is entitled to judgment.

## SECOND CAUSE OF ACTION

**(Against Kinsale for Breach of the Implied Covenant of Good Faith and Fair Dealing)**

44. In response to paragraph 44, Kinsale realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

45. The allegations contained in Paragraph 45 constitute a statement of law and do not contain allegations or statements of fact to which a response is required. To the extent a response is warranted to Paragraph 45, and to the extent Fairwinds contends that Kinsale breached any legal obligations, Kinsale denies each and every such allegation.

46. Kinsale denies the allegations of paragraph 46.

47. Kinsale denies the allegations of paragraph 47.

48. Kinsale denies the allegations of paragraph 48.

To the extent a response is required to the unnumbered "Wherefore" sentence, Kinsale denies that Fairwinds is entitled to judgment.

## THIRD CAUSE OF ACTION

**(Against Kinsale for Declaratory Relief)**

49. In response to paragraph 49, Kinsale realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

50. Kinsale denies the allegations of paragraph 50.

51. In response to paragraph 51, Kinsale admits that a controversy has arisen between Fairwinds and Kinsale concerning the parties' rights and duties under the Kinsale excess policy, and otherwise denies the allegations stated in paragraph 51.

52. Kinsale denies the allegations of paragraph 52.

53. Kinsale admits the allegations of paragraph 53.

To the extent a response is required to the unnumbered "Wherefore" sentence, Kinsale denies that Fairwinds is entitled to judgment.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

## FOURTH CAUSE OF ACTION

### (Against Kinsale for Concealment)

54. In response to paragraph 54, Kinsale realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

55. Kinsale denies the allegations of paragraph 55.

56. Kinsale denies the allegations of paragraph 56.

57. Kinsale denies the allegations of paragraph 57.

58. In response to paragraph 58, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies the allegations of paragraph 58.

59. Kinsale denies the allegations of paragraph 59.

60. Kinsale denies the allegations of paragraph 60.

To the extent a response is required to the unnumbered "Wherefore" sentence, Kinsale denies that Fairwinds is entitled to judgment.

## FIFTH CAUSE OF ACTION

### (Against Kinsale for Unfair Competition)

61. In response to paragraph 61, Kinsale realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

62. The allegations contained in Paragraph 62 constitute a statement of law and do not contain allegations or statements of fact to which a response is required. To the extent a response is warranted to Paragraph 62, and to the extent Fairwinds contends that Kinsale breached any legal obligations, Kinsale denies each and every such allegation.

63. Kinsale denies the allegations of paragraph 63.

64. Kinsale denies the allegations of paragraph 64.

65. Kinsale denies the allegations of paragraph 65.

66. Kinsale denies the allegations of paragraph 66.

To the extent a response is required to the unnumbered "Wherefore" sentence, Kinsale denies that Fairwinds is entitled to judgment.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

## SIXTH CAUSE OF ACTION

### (Against Kinsale for Reformation)

67. In response to paragraph 67, Kinsale realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

68. Kinsale denies the allegations of paragraph 68.

69. Kinsale denies the allegations of paragraph 69.

70. Kinsale denies the allegations of paragraph 70.

To the extent a response is required to the unnumbered "Wherefore" sentence, Kinsale denies that Fairwinds is entitled to judgment.

## SEVENTH CAUSE OF ACTION

### (Against the Broker and the Producer for Professional Negligence)

71. In response to paragraph 71, Kinsale realleges and incorporates by reference all of its statements in the preceding paragraphs above as though fully set forth herein.

72. In response to paragraph 72, the allegations contained therein pertain to a defendant other than Kinsale, therefore no response from Kinsale is required. However, to the extent that a response is required, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated therein, and therefore denies the remaining allegations of paragraph 72.

73. In response to paragraph 73, the allegations contained therein pertain to a defendant other than Kinsale, therefore no response from Kinsale is required. However, to the extent that a response is required, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated therein, and therefore denies the remaining allegations of paragraph 73.

74. In response to paragraph 74, the allegations contained therein pertain to a defendant other than Kinsale, therefore no response from Kinsale is required. However, to the extent that a response is required, Kinsale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated therein, and therefore denies the remaining allegations of paragraph 74.

## FAIRWINDS' PRAYER FOR RELIEF

In response to Fairwinds' prayer for relief and paragraphs 1 through 9 thereof, Kinsale denies that Fairwinds is entitled to the relief requested, or any relief at all.

## KINSALE'S AFFIRMATIVE DEFENSES

Kinsale incorporates the allegations of its August 2, 2021 complaint filed in the related matter *Kinsale Insurance Company v. Fairwinds Estate Winery, LLC*, United States District Court, Northern District of California, case no. 3:21-cv-05968. Kinsale also pleads the following separate defenses. Kinsale reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

Kinsale alleges that the complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Kinsale alleges that the causes of action attempted to be stated against it and set forth in the complaint are barred by all applicable contract and statute of limitation provisions, and the limitations set forth in the Policy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to satisfy all conditions precedent to its rights, if any, to benefits under the Policy.

## FOURTH AFFIRMATIVE DEFENSE

Kinsale alleges that the Occurrence Limit of Liability Endorsement in the Kinsale excess policy provides that Kinsale's liability "shall be limited to … [a]n amount no greater than 100% of the individually stated value for the property, involved, as shown on the Statement of Values, on file with the Company," and that since the Statement of Values specifically identifies the total insurable value for the main winery building and tasting room as $4,505,893 the Kinsale excess policy has not been implicated by Fairwinds' claim because the Ultimate Net Loss, as defined in the excess policy, does not exceed the Beazley primary policy's limit of liability.

**FIFTH AFFIRMATIVE DEFENSE**

Kinsale alleges that the Kinsale excess policy only provides coverage for property specifically scheduled in the Statement of Values, that the Beazley primary policy excepts from coverage roadways, lawns, underground pipes, flues, drains, fences, signs, trees, shrubs, and plants, and therefore any claimed damages to landscaping, roadways, Tesla chargers, underground utilities, irrigation and sprinkler system, pump house, irrigation control house, fencing, and signage is not covered under the Kinsale excess policy.

**SIXTH AFFIRMATIVE DEFENSE**

Kinsale alleges that the Beazley primary policy provides that covered property does not include the cost of excavations, grading, backfilling, or filling, and therefore coverage is precluded for such work.

**SEVENTH AFFIRMATIVE DEFENSE**

Kinsale alleges that the Beazley primary policy provides that covered property does not include foundations of buildings, structures, machinery, and boilers below either the basement floor or the surface of the ground, and therefore coverage is precluded for such work.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Fairwinds has failed to mitigate, minimize, or avoid any damages they allegedly sustained, any recovery against Kinsale must be reduced accordingly.

**NINTH AFFIRMATIVE DEFENSE**

Kinsale has at all times exercised due care concerning any actions, conduct, or other matters alleged in the complaint, or any purported claim asserted therein.

**TENTH AFFIRMATIVE DEFENSE**

Kinsale and its representatives, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Fairwinds is barred from any recovery in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Kinsale alleges that its coverage interpretations and claims handling were and are reasonable as a matter of law and were not and are not inherently unreasonable as a matter of law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any damages as a result of any actions taken by Kinsale, and Fairwinds is thus barred from asserting the complaint, or any purported claim, against Kinsale.

### THIRTEENTH AFFIRMATIVE DEFENSE

Fairwinds' claims, in whole or in part, are barred by the equitable doctrines of laches, waiver, and estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

Kinsale alleges that the complaint and each cause of action therein fail to state sufficient facts to constitute a valid claim for attorneys' fees.

### FIFTEENTH AFFIRMATIVE DEFENSE

Kinsale alleges that the complaint fails to state facts sufficient to warrant an award of punitive or exemplary damages, and Fairwinds has failed to plead malice, fraud, and oppression with the specificity required under California Civil Code § 3294.

### SIXTEENTH AFFIRMATIVE DEFENSE

The complaint, to the extent it seeks punitive or exemplary damages against Kinsale, violates Kinsale's right to protection from "excessive" fines as provided in the Eighth Amendment to the United States Constitution and the Constitution of the State of California, violates Kinsale's right to substantive due process and equal protection as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California, and does not meet the tests for allowing punitive damages set forth by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and other cases, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Kinsale alleges that Fairwinds has failed to set out their claims with sufficient particularity to permit Kinsale to raise all appropriate defenses and, thus, Kinsale reserves its right to add additional defenses as a factual basis for these claims becomes known.

**PRAYER FOR RELIEF**

WHEREFORE, Kinsale Insurance Company prays for relief as follows:

1. That the complaint be dismissed, with prejudice and in its entirety;

2. That Fairwinds take nothing by reason of their complaint and that judgment be entered against Fairwinds and in favor of Kinsale;

3. That Kinsale be awarded its and costs incurred in defending this action; and

4. That Kinsale be granted such other and further relief as the Court may deem just and proper.

Dated:  October 7, 2021                    CLYDE & CO US LLP


                                           By:  */s/ Jason J. Chorley*
                                                Michael A. Topp
                                                Jason J. Chorley
                                                Attorneys for Defendant
                                                KINSALE INSURANCE COMPANY

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN MATEO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, Suite 1350, San Francisco, California 94111.

On October 7, 2021, I served true copies of the following document(s) described as **Kinsale Insurance Company's Answer to Complaint** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Clyde & Co LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Francisco.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 7, 2021, at South San Francisco, California.

_Andrea Mackenzie_
Andrea Mackenzie

15    Case No. 3:21-cv-07678-JCS
KINSALE INSURANCE COMPANY'S ANSWER TO COMPLAINT

**SERVICE LIST**

Fairwinds Estate Winery, LLC
Fairwinds Estate, LLC
c/o Anthony B. Leuin, Esq.
Felicia A. Draper, Esq.
Shartsis Friese LLP
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111-3598

Malloy Imrie & Vasconi Insurance Services, LLC
c/o David Capponi
899 Adams Street, Suite C
Saint Helena, CA 94574

CRC Insurance Services, Inc.
CRC Commercial Solutions
c/o Katrina D. Ramey
200 W. Second Street, 3rd Floor
Winston-Salem, North Carolina 27101

CRC Insurance Services, Inc.
CRC Commercial Solutions
c/o Corporation Service Company
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800