UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIRWINDS ESTATE WINERY, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KINSALE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 3:21-cv-07678-WHO <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> Re: Dkt. No. 10 |

Plaintiff Fairwinds[1] owns a winery that was damaged by the Glass Fire. It filed suit in state court against one of its insurers, Kinsale Insurance Company ("Kinsale"); broker Malloy Imrie & Vasconi Insurance Services, LLC ("Malloy"); and two other entities. Kinsale removed the suit to this court and Fairwinds now moves to remand. Oral argument is unnecessary and the hearing is VACATED. The parties are not completely diverse, so the motion to remand is GRANTED.

## BACKGROUND

Fairwinds owns and operates a winery in Calistoga, California. Complaint ("Compl.") [Dkt. No. 2, Ex. A] ¶ 1. It possessed a primary property insurance policy (the "Primary Policy") issued by non-party Beazley Insurance Services ("Beazley") that lasted from May 1, 2020, to May 1, 2021. *Id.* ¶ 24. It had a coverage limit of $8,3100,000. *Id.* ¶ 25. Fairwinds also possessed an excess property insurance policy (the "Excess Policy") from Kinsale that lasted from August 1, 2020, to May 1, 2021. *Id.* ¶ 26. That Excess Policy provided additional coverage above the Primary Policy up to (according to Fairwinds) $2,060,831. *Id.* ¶ 27. The Primary Policy was

---

[1] "Fairwinds" refers collectively to Fairwinds Estate Winery, LLC, and Fairwinds Estate, LLC.

obtained through a broker, Malloy. *Id.* ¶ 24. Malloy also obtained a quote from Kinsale for the Excess Policy and transmitted it to Fairwinds. *Id.* ¶ 30.

On September 27, 2020, the Glass Fire, a large wildfire, burned through swathes of Napa and Sonoma counties. *Id.* ¶ 23. It reached a "large portion" of Fairwinds's winery, destroying its main building and tasting room and damaging many other areas. *Id.* ¶ 24. Fairwinds submitted a claim to Beazley, which paid to the limit of $8,310,000. *Id.* ¶ 32. Through Malloy, it submitted a claim to Kinsale. *Id.* ¶ 33. After ten months, Kinsale denied coverage. *Id.* ¶ 34. According to Fairwinds, Kinsale maintained that the "Statement of Values"—a document that delineates the value of various parts of the winery, *see id.* ¶ 35—limited the value of the destroyed property to approximately $4.5 million, which Beazley had already paid. *Id.* ¶ 34. Fairwinds alleges that the total sum of winery parts reflected in the Statement of Values is *less* than the amount of the Primary Policy, rendering it illusory. *Id.* ¶ 35.

On August 2, 2021, Kinsale filed a separate suit in this court for declaratory judgment against Fairwinds, seeking a declaration that it was not obligated to pay under the Excess Policy. *See* Case No. 3:21-cv-05968.[2] On September 3, 2021, Fairwinds filed this suit in state court against Kinsale, Malloy, and defendants CRC Insurance Services and CRC Commercial Solutions. Kinsale removed the case to this court on September 30. Dkt. No. 1. The claim against Kinsale is for breach of contract of the Excess Policy; the claim against Malloy is for professional negligence in procuring the Excess Policy. I related the two cases. Dkt. No. 7. Fairwinds now moves to remand this one.

**LEGAL STANDARD**

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). Removal is generally based on the existence of either federal-question jurisdiction or diversity jurisdiction. Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where the amount in

---

[2] In a separately filed order, I dismiss that case.

1  controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a
2  state and citizens or subjects of a foreign state.  28 U.S.C. § 1332(a)(2).

3        If at any time following removal it appears that removal was improper because of a lack of
4  subject matter jurisdiction, the case must be remanded to state court.  28 U.S.C. § 1447(c).  The
5  Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction"; accordingly,
6  "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first
7  instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks and
8  citations omitted).  This presumption against removal jurisdiction means that the defendant has the
9  burden of proving that removal was proper.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d
10  373, 376 (9th Cir. 1997); *Gaus*, 980 F.2d at 566.  Whether removal was proper is determined
11  primarily on the basis of the pleadings at the time of removal.  *Sparta Surgical Corp. v. Nat'l*
12  *Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998); *Miller v. Grgurich*, 763 F.2d
13  372, 373 (9th Cir. 1985).

## DISCUSSION

### I.  REMAND

Fairwinds moves to remand this case to state court for both lack of subject matter jurisdiction and defects in the removal procedure.  *See generally* Motion to Remand ("Mot.") [Dkt. No. 10].  For the reasons that follow, I agree that the parties are not completely diverse, so I lack subject matter jurisdiction over the suit.

### A.  Realignment of Parties

Before reaching either argument for remand, there is a preliminary issue that affects both: whether Malloy should be "realigned" as a plaintiff for purposes of removal jurisdiction (as Kinsale argues).  I conclude it should not.

This case was filed against Kinsale, Malloy, CRC Insurance, and CRC Commercial.  But, as the Ninth Circuit has explained, "[t]he courts, not the parties, are responsible for aligning the parties according to their interests in the litigation."  *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983).  "Courts may realign parties, according to their ultimate interests, whether the realignment has the effect of conferring or denying subject matter jurisdiction on the

3

court." *Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1133 (9th Cir. 2006). District courts have, accordingly, realigned parties for jurisdictional purposes to determine whether removal was proper. *See, e.g.*, *Ace Prop. & Cas. Ins. Co. v. McKesson Corp.*, No. 20-CV-09356-JSC, 2021 WL 908350, at *2 (N.D. Cal. Mar. 10, 2021); *Richer v. Travelers Com. Ins. Co.*, No. 17-CV-04984-HSG, 2017 WL 5618524, at *2 (N.D. Cal. Nov. 22, 2017).

To determine whether realignment is appropriate, courts generally "look beyond the pleadings, and arrange the parties according to their sides in the dispute" based on their actual interests. *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) (internal quotation marks and citation omitted). Courts examine parties' true interests based on the "principal purpose of the suit" and the "primary and controlling matter in dispute." *Id.*; *see also Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). According to Fairwinds, the principal purpose is "whether Fairwinds should be made whole for its losses." Mot. 9. Kinsale, on the other hand, argues that the principal purpose is "whether the Kinsale excess policy affords coverage to Fairwinds." Oppo. 6. Malloy's liability, it asserts, is "secondary" to its own and "hypothetical." *Id.*

Fairwinds has the better of the argument. The principal purpose of the suit is to determine what (if anything) is owed by the insurer and broker based on Fairwinds's losses. That is essentially what other courts have understood the primary purpose of analogous lawsuits to be. *See BDC Dev. Corp. v. N. Am. Capacity Ins. Co.*, No. CV132170FMOFFMX, 2013 WL 12146122, at *2 (C.D. Cal. Aug. 20, 2013) ("[T]he primary purpose of this lawsuit is to seek redress from NAC and HUB for the damages and costs [the plaintiff] suffered."); *Covil Corp. By Protopapas v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, No. CV 3:20-1979-BHH, 2021 WL 1186590, at *6 (D.S.C. Mar. 30, 2021) (adopting the plaintiff's primary purpose as "which of these three defendants bears responsibility for the liabilities of [the plaintiff] in connection with the . . . policies"). Kinsale's formulation is unduly narrow; it misinterprets "primary purpose" to mean something closer to "primary claim," leaving every other claim secondary. (Fairwinds's formulation, while essentially correct in substance, presupposes that it is to be "made whole.") The core of the lawsuit, however, is about Fairwinds's recovery writ large, not its recovery only

4

from Kinsale.

With that understanding of the primary purpose, it is clear that Malloy's interests are set against Fairwinds's: Malloy's ultimate and overriding goal is avoiding liability. Kinsale makes the reasonable point that one way Malloy can attempt to avoid liability is by throwing *Kinsale* under the bus. Opposition to the Remand Mot. ("Oppo.") [Dkt. No. 12] 6–8. But Malloy may also do so by arguing that Fairwinds was not entitled to recover or that it had no duty in these circumstances or that it adequately discharged its duty. None of these hypothetical positions change that the predominant adversarial relationship is between Fairwinds and each of the defendants. *See BDC*, 2013 WL 12146122, at *2–*3; *Covil*, 2021 WL 1186590, at *6; *Wrangen v. Pennsylvania Lumbermens Mut. Ins. Co.*, No. 07-61879-CIV, 2009 WL 10667562, at *6–*7 (S.D. Fla. Feb. 13, 2009); *Arnold v. Sphere Drake*, No. CIV. A. 93-1546, 1993 WL 255140, at *4 (E.D. La. June 28, 1993). It is not enough that Malloy and Kinsale might *also* have points of conflict. Nor is this a case, like the primary one Kinsale relies on, in which Malloy's duties are *solely* predicated on Kinsale's. *See Ace Prop.*, 2021 WL 908350, at *6. It appears possible, for instance, that Malloy was not negligent *and* Kinsale acted rightfully. Or it seems possible that Malloy is liable for negligence even if Kinsale is also liable—perhaps on a theory that the policy procured caused unnecessary damages than a better policy would have. It is too early to tell. When it comes to the suit's primary purpose, it is Fairwinds versus everyone involved in procuring and executing its allegedly deficient policy.

### B. Complete Diversity

The parties as they currently stand are properly aligned for jurisdictional purposes. As a result, I lack diversity jurisdiction (the only basis of jurisdiction that Kinsale relies on) over this suit. No one disputes that Fairwinds and Malloy both have California citizenship. Because Malloy is properly a defendant, the parties are not completely diverse. *See* 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

To resist this conclusion, Kinsale argues that Malloy was fraudulently joined. Oppo. 8–10. Fraudulent joinder is a term of art. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "[D]istrict courts may disregard the citizenship of a non-diverse defendant who has been

5

fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* Because of the presumption against finding fraudulent joinder, Kinsale bears a "heavy burden," *id.*, of showing that Fairwinds has "fail[ed] to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318. "But the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 548. A finding of fraudulent joinder is warranted only if there is "no possibility" of stating a claim, which the Ninth Circuit has explained is "similar to the 'wholly insubstantial and frivolous' standard" under Rule 12(b)(1). *Id.*

Malloy was not fraudulently joined. As Kinsale admits, California law recognizes a cause of action for professional negligence against insurance brokers. *See, e.g.*, *Saunders v. Cariss*, 224 Cal. App. 3d 905, 908 (1990). Its only argument for fraudulent joinder is that the negligence claim is not "ripe."[3] Oppo. 9. According to it, the claim cannot be brought against Malloy until there has been a "determination of coverage" under the Policy. *Id.* Though its argument is not crystal clear, it appears from context that Kinsale means that the claim does not *accrue* until this determination occurs, which it appears to argue will only happen at the resolution of this lawsuit.

Under California law, a professional negligence claim accrues when the plaintiff is harmed and discovers or should have discovered the negligence. *Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.*, 115 Cal. App. 4th 1145, 1161 (2004). *Hydro-Mill*, for instance, held that a negligence claim based on denial of insurance accrued when the insurer offered to pay less than was claimed, "making clear that [some] losses related . . . were being excluded." *Id.* at 1162. At that point, the insured was aware of the "fact of damages" even if unaware of their "amount," which was sufficient. *Id.* at 1161. Here, it appears from the pleadings that Fairwinds's claim against Malloy accrued when Kinsale denied coverage on July 7, 2021. Accordingly, I cannot say that the claim against Malloy is so clearly precluded under California law as to make it

---

[3] Despite its use of the word "ripe," I do not understand Kinsale to argue about ripeness as a federal justiciability doctrine; among other things, it cites no caselaw about that doctrine.

1 fraudulently joined.

2      As a result, diversity jurisdiction is lacking and the motion to remand is granted.

## II. ATTORNEY'S FEES

Fairwinds also seeks attorney's fees. Mot. 13. The request is denied. Under 28 U.S.C. § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The issue is committed to the discretion of the district court. *Id.*

This is a close case because, as the case was filed, diversity was lacking and Kinsale has been unable to point to a single case that realigned a broker with an insurer in similar circumstances. Nevertheless, its argument for realignment is, at least, not frivolous because there is some overlap in Fairwinds's and Malloy's interests; removal was not objectively unreasonable. Fairwinds also argues that the allegedly defective removal procedure shows removal was objectively unreasonable. Mot. 13. I did not have occasion to address the substantive argument in this Order. Fairwinds's argument is that not all defendants who were served consented to removal, as is required. *Id.* 7–8. Kinsale replies that there were no proofs of service for those defendants, so it obtained consent from all defendants it was *aware* were served. Oppo. 3–4. There is currently a split on whether this is sufficient among district courts. *See Vargas v. Riley*, No. 18-CV-00567-JST, 2018 WL 2267731, at *2–*3 (N.D. Cal. May 17, 2018) (noting split). As a result of that split, Kinsale had an objectively reasonable basis to file the notice of removal.

## CONCLUSION

This case is REMANDED to the Superior Court of California, County of Napa.

**IT IS SO ORDERED.**

Dated: November 23, 2021



William H. Orrick
United States District Judge